Per Curiam.

Petitioner’s sole contention in the present case is that his Ohio sentence has expired, the time of maximum sentence having passed, so that he is now entitled to release. He bases this contention on two grounds.
First, one of fact. He alleges that he was notified by the Ohio authorities in either late 1952 or early 1953 that he was being restored to parole, and that his time spent in the Michigan Penitentiary would apply to his Ohio sentence. Petitioner presented no evidence in support of this contention, and the prison records introduced into evidence completely refute his claim. Such records show that petitioner was declared a parole violator in 1951, that he was never restored to parole, and that he became available for return to Ohio in December 1963.
Second, petitioner urges that once a sentence commences it never ceases to run until the maximum period has passed, no matter what his actual status is during such period, whether one is at large as a parole violator or confined in another institution.
Under the provisions of Section 2965.21, Revised Code, *424 when one on parole is declared a parole violator, his sentence ceases to run and does not recommence until he is restored to parole or is available for return to the penal institution. Cline v. Haskins, Supt., 175 Ohio St., 480.
Thus, petitioner once having been declared a parole violator, his Ohio sentence ceased to run, and, even though during such period as a parole violator he was confined in the penal institution of another state for other crimes, he was not serving his Ohio sentence, and such period of imprisonment is not credited to his Ohio sentence. During all the period petitioner was at large from the Ohio Penitentiary as a parole violator, his sentence was in abeyance and could recommence only when he was restored to parole by Ohio or was returned to the Ohio penal institution.
A substantial part of petitioner’s 1942 sentence remains to be served, and, therefore, he is not entitled to relief in habeas corpus.
Petitioner remanded to custody. •
Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.